## YOUNG *v.* POTTER.

1. SAVING QUESTIONS FOR REVIEW—CHANCERY APPEAL — EQUITY JURISDICTION—ACCOUNTING.

   Whether complainant is entitled to the equitable remedy of an accounting will not be considered on appeal, though the question is raised by the answer, and it is doubtful whether the bill states a case for a court of equity, where, in view of the argument of defendant's counsel and the opinion of the court, it would be unfair both to the trial court and to complainant's counsel to assume that the point was pressed below.

2. PARTNERSHIP—DISSOLUTION—CONTINGENT LIABILITIES—SECURITY—OWNERSHIP OF FUND.

   Where, on the dissolution of a partnership, the continuing partners retained in their hands the retiring partner's portion of an amount for which the partnership was contingently liable as indorser, the statement of settlement referring to the amount as "Your one-third of this amount, which we agree to pay, if above notes are paid by other than" the continuing partners, the failure of any other than the continuing partners to pay the notes prior to their becoming outlawed did not transfer the ownership of the fund from the retiring to the continuing partners.

3. SAME—LIMITATIONS—EFFECT.

   The expiration of the period of limitations without suit being brought upon the notes absolved the retiring partner of his liability upon them and entitled him to his proportion of the retained amount, less the expense of litigating a suit controlling on the firm's liability on the notes.

4. SAME—LIMITATIONS—RIGHT TO PLEAD.

   Though the continuing partners were the ones to exercise the privilege of pleading limitations as to any matter concerning them alone, they could not defeat the right of the retiring partner to insist that his money should be paid only upon a legal liability.

5. INTEREST—DISSOLUTION OF PARTNERSHIP—SECURITY.

   Where money was left by a retiring partner with the firm to secure it against a contingent liability of the firm as indorser,

nothing being said about interest, and the period of limitations expired without suit being brought upon the notes, interest is allowable to the retiring partner from the time the defense of limitations became available, and not during the whole period of the deposit.

Cross-appeals from. Alpena; Emerick, J.  Submitted October 24, 1907.  (Docket No. 22.)  Decided December 10, 1907.

Bill by Benjamin R. Young against James J. Potter and John D. Potter for an accounting.  From the decree rendered, both parties appeal.  Modified and affirmed.

*Joseph H. Cobb*, for complainant.

*Charles R. Henry*, for defendants.

MONTGOMERY, J.   This is a bill filed for an accounting.   The facts upon which the bill is based, briefly stated, are as follows:  The complainant and defendants were engaged in the retail hardware business at Alpena under the firm name of Potter Bros. & Co.   In April, 1889, the firm was dissolved, Potter Brothers continuing the business.   The assets of the firm at this time were $57,000 or thereabouts.   There was due to complainant from the firm, for interest and services, a small additional sum.  There was outstanding a contingent liability on certain notes of the Prentiss Lumber Co. of $1,700, on a note of Ery Toland for $250, and a note of one Fisher for $200.  In the adjustment which was coming to complainant, in settlement, defendants retained one-third of the amount of these contingent liabilities, viz., $716.67, and opposite the item was this statement: "Your one-third of this amount, which we agree to pay, if above notes are paid by other than Potter Brothers."

The complainant filed the bill of complaint in this case praying for an accounting.  It sets forth the above facts and that the firm of Potter Bros. & Co. had sold to the Prentiss

Lumber Co. goods and supplies for which it took its promissory note amounting to $1,700, which they indorsed and placed in the hands of the Alpena National Bank; that the Prentiss Lumber Co. failed and that Potter Bros. & Co. refused to pay this note claiming to have a defense on account of certain actions, statements, and representations of the president of the bank, George L. Maltz; that on the 11th of April, 1889, Potter Bros. & Co. gave to the bank their note to stand instead of the Prentiss Lumber Co. note, but with the agreement that it should be open to the same defense as the original Prentiss Lumber Co. note indorsed by Potter Bros. & Co.; that a test case was brought upon notes held by other parties standing in the same relation to the Alpena National Bank, and that this test case has remained dormant for seven or eight years; that the complainant is willing to furnish ample security and ample bond of indemnity to Potter Brothers to protect them from all costs and damages if they are required to pay said note, and that after learning that said suit had been left in abeyance, and that defendants were no longer liable upon their note, that complainant asked for an accounting which was refused by defendants.

The answer admits in substance the making of this agreement, but alleges that the litigation pending to determine the liability of these parties has not been concluded, and that it does not yet appear that Potter Brothers may not be called upon at least in good conscience to pay this note, whether legally liable therefor or not, and it is said that the privilege of pleading the statute of limitations is personal, and it denies that the complainant is entitled to relief in equity, and it alleges that if entitled to relief at all he should proceed in a court of law.

The circuit judge gave a decree for complainant for one-third of the amount of $1,700, viz., $566.67, less expenses incurred by the defendants in the conduct of the defense of these suits, adding interest from the date of filing the bill. Both parties appeal, complainant claiming to be en-

titled to interest from the date of the dissolution, and defendants claiming that the decree should be reversed.

As to the question of remedy, we think it not fair to the circuit judge to treat this question as open. It is true that the answer raises the question, but it is manifest from the opinion of the circuit judge that he did not consider that the point was made on the argument, and the record contains the argument of counsel for the defendants, which contains the following statements:

"We either want this thing settled upon a law basis, according to the rules of law, or we want it settled upon an equity basis, according to the rules of justice and equity, and we are not very particular which it is. Mr. Potter has frequently said to me: 'I don't want you to avail yourself of any technical defense in this case, provided this thing is all settled according to a fair deal all around. If we get what we think we are entitled to—what belongs to us, why we will waive the other defense.' Now, our defenses are two: *First*, they come into this case and ask that we be required to account for one-third of $1,700 of the Prentiss note. And we say we are prepared and ready and willing to account for it, exactly according to the terms of our agreement, and our agreement was and we both signed it that when it shall be established that there shall be no liability upon it—when it shall be established that we are not required to pay anything upon that, then, very well. * * * Now, we say this: We would be willing to adjust this matter by having our expenses paid —our one-third of the actual expenses paid, and our one-third of this item, and we think that Mr. Potter should have something for his trouble in running to Lansing and running around taking care of these cases. It may, perhaps look like a small item, but people don't like to leave their stores and run all over the country attending to law suits, defending them, hiring lawyers and counseling with them for nothing. Their time is worth something. It is fair and reasonable that he should have a fair and reasonable amount for that; and if he is given what the court shall say under all the circumstances—Mr. Young didn't have the trouble of doing this—if the court should give him what is fair and reasonable for his services in that connection, and $117, or whatever that amounted to, his one-third of the bill of expense, and deduct from the

amount one-third of the $796, we would be glad to pay Mr. Young the balance. When you come to the question of interest, though, the interest should not run, in my judgment, upon only the difference between the two accounts. That is our position in this case, and we feel that we are not asking anything that is unfair and unreasonable. Counsel says that a certain part of the errors is outlawed, and therefore it should not be considered. They have come into a court of equity here. They have not sued upon this; they might have done so. We claim in our answer that certain items of theirs are outlawed, and that this is outlawed, but we are here in a court of equity, and we are trying to adjust this matter fairly between both of the parties. I think we can very fairly eliminate all of the legal questions, providing we come to a fair adjustment of the accounts between the parties, so that we can get the matter settled up. We have tried to do this before, and we haven't been able to agree, Mr. Cobb and I haven't, as to what would be a fair amount."

Taking the bill and answer together, an accounting was asked for. While it is doubtful if the bill states a case for a court of equity, yet, in view of these statements of defendants' counsel, we think it would be unfair, both to the trial court and to complainant's counsel, to assume that this point was pressed. On the contrary, the conclusion is clear that an adjustment of the whole matter was desired.

Defendants' contention that the contingency has not arisen which makes this $566.67 payable to complainant, does not take due account of the substance of the transaction. This was a division of assets of the firm of Potter Bros. & Co. Complainant was entitled to one-third of these assets as a matter of right. It was his property. In view of the fact that he was about to leave for a distant State, the defendants very properly required that this sum be left in their hands to meet any contingent liability that would be established against them. It was a mere security. Their obligation to pay this sum to the complainant existed independent of any promise. It was recognized as the property of the complainant in the state-

ment. It was referred to as "your one-third of this amount." The substance of the transaction was, and it was so understood by all the parties, that Potter Brothers should turn this money back to complainant when they should be relieved from the obligation to pay it themselves to third parties. They expressed this in the agreement in so far as to say that they agreed when any other than Potter Brothers should pay the note; but the failure of any other than Potter Brothers to pay the notes did not transfer the ownership of this fund from complainant to Potter Brothers.

Now, the note upon which Potter Bros. & Co. became liable to the bank outlawed January 21, 1903. There was no longer any excuse for holding this fund as security against any obligation of theirs. It is true that Potter Brothers are the ones to exercise the privilege of pleading the statute of limitations in any matter in which they alone are concerned. But as they were representing Potter Bros. & Co. in a promise which the latter made to the Alpena National Bank, they cannot defeat the right of complainant to insist that his money shall be paid only upon a legal liability.

It was sought to set up the claim that, on this adjustment in 1889, certain errors occurred in the settlement, but the court very properly held that any claim upon this was long since outlawed. The allowance of $117.05 was properly made to the defendants for expenses in looking after the litigation.

On complainant's behalf, it is contended that interest should be computed from the time that this transaction took place. We do not think this allowable. This deposit of money was left with the defendants as security. There was no agreement to pay interest. On the contrary, the agreement was to pay, either as contended by defendants, this amount when the notes were paid by other than Potter Brothers, or to pay, if the substance of the agreement be regarded, when Potter Brothers were relieved from their obligation to pay. Interest, therefore,

should be computed from the 21st of January, 1903, when for the first time Potter Bros. & Co. were relieved from the liability to pay this note.

As so modified the decree of the court below will be affirmed, with costs of both courts to complainant.

GRANT, BLAIR, OSTRANDER, and HOOKER, JJ., concurred.